IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

*FILED*

*JUL 16 2001*

G. PATRICK MURPHY,
DISTRICT JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| JOHN WILSON, Inmate #B-15948, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 99-845-GPM |
| | ) |
| THOMAS PAGE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating Plaintiff's claims individually, the Court finds it appropriate to exercise its authority under § 1915A to dismiss those claims that are

Page 1 of 6

5

frivolous before allowing Plaintiff to proceed with his remaining claims. *See House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**   Against Defendants Warden Thomas Page, Captain Maue, Officer Ashby, Dr. Taub, and an Unknown Agency Medical Director for due process violations.

**COUNT 2:**   Against Defendant Dr. Taub for denial of medical care in violation of the Eighth Amendment.

### Facts Alleged

Plaintiff claims that on or about March 31, 1998, he was involuntarily administered psychotropic medication. Allegedly, after Plaintiff began cursing at everyone and damaging his cell, Captain Maue ordered Officers Ashby and Higgins to take Plaintiff to the hospital so that he could be evaluated by a psychiatrist. Apparently, Dr. Taub, a psychiatrist, ordered medical technician Francis Dyke to inject Plaintiff with Halidol. Officers Ashby and Higgins then restrained Plaintiff while the Halidol was administered. Dr. Taub then filed an emergency involuntary administration of psychotropic medication form and ordered that Halidol be administered until April 3, 1998. However, the Halidol was involuntarily administered until April 15, 1998. Plaintiff goes on to allege that from March 31 to April 3, he complained to Dr. Taub that the Halidol was causing him to experience breathing problems, shaking spasms, dry mouth and sleeping problems. Dr. Taub allegedly ignored Plaintiff's complaints.

## Due Process

Plaintiff argues that the decisions to involuntarily medicate him violated his right to due process. In *Washington v. Harper*, 490 U.S. 210 (1990), the United States Supreme Court held that a prisoner has "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Id.* at 221-222. The "Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. *See also Chambers v. Ingram*, 858 F.2d 351, 359 (7th Cir. 1988); *Fuller v. Dillon*, 236 F.3d 876 (7th Cir. 2001). Additionally, Illinois prison officials must follow the guidelines established in Illinois Administrative Code 20 § 415.70 before administering psychotropic medication. *Fuller*, 236 F.3d at 879. Given the facts alleged in the instant complaint, the Court finds that Plaintiff's due process claim is not subject to summary dismissal pursuant to § 1915 at this time.

Plaintiff, however, names Warden Thomas Page, Captain Maue, Officer Ashby, Dr. Taub and an Unknown Agency Medical Director as Defendants. While it is not entirely clear in the complaint, Plaintiff suggests that Warden Page and the Unknown Agency Medical Director knew that he was being improperly administered psychotropic medication and did nothing to prevent it. Dr. Taub ordered the administration of the Halidol, and Officers Ashby and Higgins restrained Plaintiff when the drug was initially administered. Captain Maue's role in this whole episode, however, appears to be limited to ordering Officers Ashby and Higgins to take Plaintiff to the hospital so that he could be evaluated. Plaintiff fails to allege how Captain Maue participated in denying Plaintiff his right to due process. Therefore, Captain Maue will be dismissed as a defendant in this case.

## Denial of Medical Care

Plaintiff argues that the failure of Dr. Taub to treat the side effects caused by the Halidol

Page 3 of 6

amounted to cruel and unusual punishment. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107; *Burns v. Head Jailor*, 576 F. Supp. 618 (N.D. Ill. 1984). According to the Seventh Circuit,

> [i]n order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir.1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir.1985), *cert. denied*, 107 S. Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Given the facts alleged, Plaintiff's Eighth Amendment claim is not subject to summary dismissal pursuant to § 1915 at this time.

## Conclusion

**IT IS HEREBY ORDERED** that Defendant Captain Maue is **DISMISSED with prejudice**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Warden Thomas Page, Officer Ashby, Dr. Taub, and an Unknown Agency Medical Director*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 4(c)(2), to issue and serve process on Defendants *Warden Thomas Page, Officer Ashby, Dr. Taub, and an Unknown Agency Medical Director* in the manner specified by Federal Rule of Civil

Procedure 4(d)(2). Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Order. For purposes of computing the passage of time under Rule 4(d)(2), Form 1A is to be "issued" (dated) as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown Agency Medical Director Defendant until such time as Plaintiff has identified him by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by the Plaintiff, the Department of Corrections shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and they shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.2(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Upon the consent of all parties herein, as contemplated by Local Rule 72.3(b)(2) and 28 U.S.C. § 636(c), this matter will be, and it is hereby, **REFERRED** to a United States Magistrate Judge for disposition as contemplated by Local Rules 72.1(h) and 72.3(b)(3).

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED this 16th day of July, 2001.

G. PATRICK MURPHY
Chief United States District Judge